GRACE C. HASKINS, Plaintiff, *v.* CANADIAN PACIFIC STEAMSHIP COMPANY, LTD., Defendant.

First Department, March 16, 1934.

*Joseph Haskell* of counsel [*George L. Varian* with him on the brief; *Joseph Haskell*, attorney], for the plaintiff.

*Harold B. Elgar* of counsel [*Frank Rashap* with him on the brief; *Hardin, Hess & Eder*, attorneys], for the defendant.

GLENNON, J. The matters in substance embraced herein were heretofore submitted and came on for argument before this court on February 19, 1932. Withdrawal of the case without prejudice was thereupon permitted for the purpose of adding additional facts, in order to have a final determination.

It appears that plaintiff purchased from the defendant in Buffalo on November 28, 1927, a steamship ticket calling for first class transportation of herself and daughter, together with their baggage, from New York to Shanghai, China, on board defendant's steamship *Empress of Australia.* This voyage was described as a " Round the World Cruise " with stops and shore excursions at numerous foreign ports of call.

Plaintiff embarked at New York on December 2, 1927, with some of her baggage, failing, however, to declare its value to the defendant's baggage master at the port of New York. Thereafter while *en route* from New York to Shanghai, plaintiff purchased an additional ticket for passage on board the same steamship from Shanghai to Chinwangtao. This ticket bore the serial number of the voyage and was issued by the purser of the vessel.

At each port of call, plaintiff went ashore on sight-seeing excursions with other passengers, purchasing, during the course thereof, much of the apparel set forth in Schedule B, annexed to the submission. These purchases were made and included in plaintiff's personal effects with the consent of the carrier. On or about February 16, 1928, the steamship *Empress of Australia* docked at Shanghai and attempted to discharge plaintiff's baggage, together with the baggage of other passengers, by means of a rope sling, which was swung over the ship's side. During the course of the work, the sling broke, or as admitted by the purser of the vessel, a hook slipped, causing the baggage to be precipitated into the Wangpoo river. All of the baggage was badly damaged by sea water, and that of plaintiff was found to be a total loss.

The ticket which plaintiff purchased contained on the back thereof some thirty-two provisions printed in minute type. On the face of the ticket in large type are the words: " Read conditions on back." In the body of the ticket and on its face, also in large

type, are the words: " Subject to the terms and conditions shown on the back hereof, upon the basis of which transportation charges have been adjusted." And, also in large type, are the further words: " Passenger's attention is called particularly to clauses in the contract pertaining to (a) limitation of the company's liability."

Plaintiff claims that she is entitled to recover as damage the full value of all the apparel contained in Schedule B attached to the submission, amounting to $1,944.60. The defendant contends that it is exempt from liability under the facts as shown in the submission of controversy. It asserts that, even if it were liable, the recovery is limited by the contract of carriage to the sum of $100.

It bases its claim for exemption upon clause 5 of the ticket which reads in part as follows: " The Company [meaning this defendant] is not liable for loss of, or injury to the Passenger or his baggage, * * * whether arising from the act of God, King's enemies, fire, robbers, thieves, perils of the sea, rivers or navigation, collision, stranding, accident to or by machinery, boilers or steam, or the wrongful act, negligence or default of the Company or of the Company's servants (whether on board the vessel or not)."

In fact it argues that even though the total destruction was due to the negligence of the defendant, there can be no recovery under the terms of this clause. With that proposition we do not agree. It would be unfair to construe the clause to mean that the defendant could relieve itself of liability by the words it wrote into clause 5 in every case where its affirmative negligent acts in connection with a passenger's baggage resulted in a loss. In *Wheeler* v. *Oceanic Steam Navigation Co.* (125 N. Y. 155), Judge FINCH said: " By force of his public employment he became an insurer of the property entrusted to his care, and liable for its loss, irrespective of the cause, unless from the act of God or the public enemy. But involved in this greater liability and absorbed by it was a lesser liability as bailee for hire; of no consequence while the greater liability existed, but surviving the destruction of that, so that when the carrier ceased to be liable as carrier; he yet remained liable as bailee. * * * These cases show that the liability for negligence as bailee survives even when by special contract the carrier has thrown off his liability as such; and the courts of this State have exhibited a very decided purpose to retain and enforce that liability wherever it is possible."

It is further contended by the defendant that the stipulation on the passenger ticket providing for written notice of claim within the time appearing therein was binding upon the plaintiff, and failure to comply with it bars her of any right of action. Clause 24 on the ticket, upon which defendant relies to sustain this point,

reads as follows: " No claim under this ticket shall be enforceable against the Shipowner, or his property, or the Agent, or Passage Broker, unless notice thereof in writing with full particulars of the claim be delivered to the Shipowner or Agent, within three days after the passenger shall be landed at the termination of his voyage, and unless suit be commenced within ninety days thereafter."

In the first place we hold that the limitation period is unreasonable and void as against public policy, since a full and fair opportunity is not given to the passenger to prepare a notice of loss with full particulars of the claim and deliver it to the shipowner or agent within three days after the passenger is landed at the termination of the voyage. Furthermore, the plaintiff first learned that her trunk was lost at Shanghai on February 16, 1928, through a notice received by her from the defendant upon her arrival at Chinwangtao on February twentieth. In addition thereto, upon the return of plaintiff to Shanghai on March twelfth, after ascertaining the extent of the damage, plaintiff made a written claim, containing an itemized statement, on the defendant. Receipt of this claim was rejected by defendant on March 23, 1928, solely on the ground that, it understood, the baggage was covered by insurance. Consequently, defendant thereby waived any rights it may have had under this particular clause.

What we have stated thus far quite clearly indicates that we believe that the plaintiff is entitled to recover damages. It will be noted that the defendant contended that the amount of the recovery which the plaintiff may have, in the event damages are to be awarded, is strictly limited by the 11th clause of the passenger ticket to the sum of $100. This clause reads as follows: " No passenger is entitled to transportation of baggage hereunder exceeding in weight or measurement the allowance prescribed in respect thereof in the Company's published tariffs in effect on the date of this contract or exceeding in value $100; * * * and no higher value shall be placed thereon in computing any liability of the Company for loss, delay or injury thereto, unless before embarkation the excess value be declared in writing to the baggage master of the carrier at its place of embarkation and extra payment made to the Company at the rate of one per cent (1%) on such excess and a receipt obtained stating the excess value paid on * * *."

The limitation of liability to the sum of $100 was fair and reasonable, but it applied only to the point of embarkation, the city of New York. This contract was written by defendant. It knew at the time it was delivered to plaintiff that it failed to cover purchases which might be made by its passenger on a " Round the World Cruise." In the submission it is stipulated that plaintiff

purchased " various of the articles mentioned in Schedule B " at the different ports of call provided for in the ticket.

The submission does not tell us how many of the articles contained in Schedule B were purchased *en route*. The limitation in this clause does not cover these effects. It simply took into consideration those which plaintiff had in her possession at the point of embarkation.

If we were to render judgment upon the facts as stipulated, the amount thereof would be limited to the sum of $100. However, in order to do justice between these parties and compensate plaintiff fully for the damage she suffered as a result of the loss of the goods purchased *en route*, we have decided to dismiss the submission without prejudice to a renewal thereof upon sufficient facts.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Submission dismissed without prejudice to a renewal thereof upon sufficient facts.